UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CIBC BANK USA,<br>    Plaintiff<br><br>vs.<br><br>ISI SECURITY GROUP, INC., DETENTION CONTRACTING GROUP, LTD., ISI DETENTION CONTRACTING GROUP, INC. (a Texas corporation), ISI DETENTION CONTRACTING GROUP, INC. (a California corporation), ISI DETENTION CONTRACTING GROUP, INC. (a New Mexico corporation), ISI DETENTION SYSTEMS, INC., ISI SYSTEMS, LTD., METROPLEX CONTROL SYSTEMS, INC., ISI CONTROLS, LTD., METROPLEX COMMERCIAL FIRE AND SECURITY ALARMS, INC., MCFSA, LTD., COM-TEC SECURITY, LLC, COM-TEC CALIFORNIA LIMITED PARTNERSHIP, and ARGYLE SECURITY, INC.,<br>    Defendants. | Case No. 5:18-cv-00462-OLG |
| SCOTT EISENBERG, not individually, but solely as court appointed receiver for ISI Detention Contracting Group, Inc.,<br>    Movant<br><br>vs.<br><br>CLARK CONSTRUCTION GROUP - CALIFORNIA L.P.,<br>    Respondent. | Case No. 5:18-CV-01314 |

## COMPLAINT

SCOTT EISENBERG, solely in his capacity as court appointed receiver for ISI Detention Contraction Group, Inc. "ISI Detention"), a California corporation (the "Receiver"), files this

1

complaint against the Clark Construction Group – California L.P. ("Clark Construction") seeking a judgment ordering turnover of funds owed to the Receiver and awarding damages for negligent misrepresentation and breach of contract. The Receiver also seeks declaratory judgment.

## STATEMENT OF THE CASE

1. At Clark Construction's direction, and pursuant to an agreement with the Clark Construction, ISI Detention accelerated work on a project for which it had a subcontract with Clark Construction. Receiver seeks to compel the turnover of $5,715,261 in funds fully earned by ISI Detention under the agreement to accelerate work on the project that are being held by Clark Construction. Receiver is also seeking damages resulting from a misrepresentation negligently made by an agent of Clark Construction and from Clark Construction's breach of contract. These damages exceed $10,000,000 and include, among other things, the loss of value in the ISI Security Group, Inc. and the other related companies which were forced into receivership as a result of Clark Construction's actions.

2. The Receiver also seeks judgment declaring Clark Construction to be in material breach of its contract with ISI Detention and, due to Clark Construction's breach, that ISI Detention, the Receiver and any of their respective sureties, employees, directors, shareholders, agents and attorneys are discharged from any further obligation under the Contract, but not barred from seeking damages for any breach of the Contract by Clark Construction. The Receiver has requested a speedy hearing on his request for declaratory judgment, as is provided for under Rule 57 of the Federal Rules of Civil Procedure.

## PARTIES

3. The Receiver is an individual and was appointed by way of an order dated May 17, 2018 (the "Receivership Order") [Doc. #5] in the above-captioned action (the "Receivership

Proceeding"). A copy of the Receivership Order is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference as if set out in full.

4. On June 21, 2018, this Court entered its Order Granting Receiver's Unopposed Motion to Reappoint Receiver and to Clarify the Agreed Order Appointing Receiver (the "<u>Reappointment Order</u>") [Doc. # 12]. A copy of the Reappointment Order is attached here to as <u>Exhibit B</u> and incorporated herein by this reference as if set out in full. The Reappointment Order was entered to allow the Receiver to file additional notices of his appointment in compliance with the 10-day limit imposed by 28 U.S.C. § 754.

5. Along with ISI Detention, 13 other related companies were named as defendants (collectively, the "<u>Receivership Defendants</u>") and are subject to the Receivership Order.

6. Clark Construction is a California limited partnership which may be served by way of its agent for service of process, CT Corporation, at 818 W. Seventh Street, Suite 930, Los Angeles, California.

## JURISDICTION AND VENUE

7. The Receiver is an individual and was appointed by way of an order dated May 17, 2018 (the "<u>Receivership Order</u>") [Doc. #5] in the above-captioned action (the "<u>Receivership Proceeding</u>"). A copy of the Receivership Order is attached hereto as <u>Exhibit A</u> and incorporated herein by this reference as if set out in full.

8. On June 21, 2018, this Court entered its Order Granting Receiver's Unopposed Motion to Reappoint Receiver and to Clarify the Agreed Order Appointing Receiver (the "<u>Reappointment Order</u>") [Doc. # 12]. A copy of the Reappointment Order is attached here to as <u>Exhibit B</u> and incorporated herein by this reference as if set out in full. The Reappointment

Order was entered to allow the Receiver to file additional notices of his appointment in compliance with the 10-day limit imposed by 28 U.S.C. § 754.

9. Along with ISI Detention, 13 other related companies were named as defendants (collectively, the "Receivership Defendants") and are subject to the Receivership Order.

10. Clark Construction is a California limited partnership which may be served by way of its agent for service of process, CT Corporation, at 818 W. Seventh Street, Suite 930, Los Angeles, California.

## THE RECEIVER'S AUTHORITY

11. Among other things, the Receivership Order authorized the Receiver to "to take possession, custody and control of the (Receivership Defendants') business operations, assets, and property of whatever nature … to include, without limitation, all real and personal property held in the name of the (Receivership Defendants), all contract rights of the (Receivership Defendants), all legal and equitable claims of the (Receivership Defendants) and all banking, brokerage and depository accounts of the (Receivership Defendants)" (the "Receivership Property"). Receivership Order, ¶ 12.

12. The Receivership Order further directs all persons having possession, custody or control of Receivership Property to promptly surrender and deliver such property to the Receiver upon the Receiver's request. Receivership Order, ¶ 15.

13. The Receivership Order also directs all persons or entities obligated to make payments to, or otherwise indebted to, Receivership Defendants, to direct such payments to Receiver. Receivership Order, ¶ 16.

14. Over June 28 and June 29, 2018, the Receiver filed notices of his appointment and copies of CIBC Bank's Complaint for the Appointment of a Receiver and Request for Expedited

Consideration [Doc. # 1], the Receivership Order and the Reappointment Order in each of the four United States District Courts in California.

15. Clark Construction serves as general contractor retained to construct a correctional facility known as the East County Detention Center in Indio, California (the "Project").

16. Riverside County, California ("Owner") is the owner of the Project.

17. Indio and Riverside County are both within the boundaries of the United States District Court for the Central District of California.

18. Counsel for Clark Construction has been provided with copies of the Receivership Order and the Reappointment Order.

CLARK CONSTRUCTION'S REFUSAL TO TURN OVER RECEIVERSHIP ASSETS

19. By way of a contract dated May 28, 2015 (the "Contract"), Clark Construction subcontracted with ISI Detention to perform certain work on the Project (the "Work"). A copy of the Contract is attached here to as Exhibit C and incorporated herein by this reference as if set out in full.

20. Under the Contract, Clark Construction agreed to pay ISI Detention $38,680,521 for completion of the Work.

21. The Contract also provided for monthly progress payment by Clark Construction to ISI Detention based on the portion of the Work that had been completed.

22. Under the Contract, ISI Detention was to commence work in May 2016, but due to delays for which ISI Detention bore no responsibility, ISI Detention could not begin its work under the Contract until May 2017.

23. In June 2017, because the Project was far behind schedule, Clark Construction directed ISI Detention to take specific steps to accelerate work on the Project (the "Schedule Compression Work"), including, but not limited to, adding crews including equipment, small tools and materials, additional management, third-party scheduling consulting and a second shift of workers. Clark Construction promised that ISI Detention would be paid for the additional work performed by its employees and subcontractors.

24. On June 8, 2017, Jack Johnson ("Johnson"), senior project manager for ISI Detention, transmitted a proposal to Gallivan which called for Clark Construction to an additional $4,381,599 for undertaking the Schedule Compression Work (the "June 8 Proposal"). A copy of the June 8 Proposal is attached hereto as Exhibit D. Among those receiving copies of the June Proposal was ISI Detention chief executive officer Buddy Johns ("Johns").

25. By way of a letter dated June 22, 2017 and addressed to Jackson, Clark Construction's Senior Vice President Anthony Gallivan ("Gallivan") responded to the June 8 Proposal with a counter-proposal under which Clark Construction would pay ISI Detention an additional $1,734,572 for the Schedule Compression Work (the "June 22 Counter-Proposal"). A copy of the June 22 Counter-Proposal is attached hereto as Exhibit E.

26. The June 22 Counter Proposal also acknowledged that the need to accelerate work on the project was not caused by any action or inaction by ISI Detention. "We understand that none of this schedule impact has been the responsibility of (ISI Detention) or its subcontractors, and we greatly appreciate the scheduling assistance and recovery plan efforts that you have continued to provide us as we develop our acceleration and recovery plan."

27. Clark Construction and ISI Detention continued to negotiate a price for the Schedule Compression Work. By way of an email dated July 25, 2017 (the "July 25 Email"),

6

Gallivan acknowledged that Clark Construction and ISI Detention had agreed that ISI Detention would be paid $2,996,244 for the Schedule Compression Work (the "Schedule Compression Payment"). A copy of the July 25 Email is attached here to as Exhibit F and incorporated herein by this reference as if set out in full. Gallivan sent the July 25 Email was sent to Johns and Johnson.

28. ISI Detention undertook the Schedule Compression Work in June 2017 and completed it by the end of October 2017, thus fully earning the Schedule Compression Payment.

29. In addition to the original contracted price for the Project and the Schedule Compression Payment, ISI Detention is entitled to extended general condition payments because it had to maintain employees and equipment at the Project during the many months the Project was behind schedule.

30. Clark Construction and ISI Detention have agreed that ISI Detention is entitled to 27.3 weeks of extended general condition payments for a time period that expired on October 31, 2018 in the sum of $3,219,017 (the "Extension Payment").

31. Upon information and belief, Clark Construction has certified to Owner that both the Schedule Compression Payment and Extension Payment are accurately stated and that ISI Detention is presently entitled to be paid such amounts.

32. By way of an email dated June 28, 2018, Hoelscher represented that payments due to ISI Detention were "being held up by complications we are having with your receivership."

33. Despite repeated demand, Clark Construction refused to make the Schedule Compression Payment and the Extension Payment, until finally, in August 2018, Clark Construction made a partial payment of $500,000. Clark Construction still holds $5,715,261 in

funds due to ISI Detention (the "Turnover Balance"), in addition to all other sums due under the Contract.

## COUNT I – ACTION FOR TURNOVER

34. The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

35. The Turnover Balance constitutes Receivership Property.

36. Receiver is authorized by the Receivership Order to recover assets constituting Receivership Property for the benefit of the receivership estate.

37. The Receivership Order ordered all persons having possession, custody or control of assets of the Receivership Defendants to promptly surrender and deliver such assets to the Receiver.

38. The Receivership Order also ordered any person then or in the future owing sums to a Receivership Defendant to pay such sums to the Receiver.

39. Receiver has made demand upon Clark Construction to turn over the Turnover Balance, but Clark Construction has refused to turn over such funds to Receiver.

WHEREFORE, Receiver respectfully requests this Court enter judgment against Clark Construction on this Count I ordering the turnover of the Turnover Balance in the amount of $5,715,261, together with interest thereon at the legal rate, his reasonable attorney's fees and costs and such other relief as is just and reasonable under the circumstances.

## COUNT II – NEGLIGENT MISREPRESENTATION

40. The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

41. At all times pertinent to this cause of action, Gallivan, was employed by Clark Construction as a senior vice president and Hoelscher was employed as project executive.

42. Gallivan, Hoelscher and others employed by Clark Construction, represented as true that ISI Detention would be paid the Schedule Compression Payment and the Extension Payment, without condition (the "Representation").

43. Gallivan, Hoelscher and others employed by Clark Construction, made the Representation to ISI Detention chief executive officer Buddy Johns ("Johns"), as well as to others employed by ISI Detention.

44. In making the Representation, Gallivan, Hoelscher and others employed by Clark Construction were acting on behalf of Clark Construction and within the scope of their employment.

45. The Representation was not true.

46. Although Gallivan, Hoelscher and others employed by Clark Construction, may have honestly believed that the Representation was true, they had no reasonable grounds for believing the Representation was true when it was made.

47. Gallivan, Hoelscher and others employed by Clark Construction, intended that ISI Detention rely upon the Representation.

48. ISI Detention reasonably relied on the Representation.

49. The Representation severely harmed ISI Detention.

50. Among the damages resulting from the Representation was that ISI Detention undertook the Schedule Compression Work but has not been paid the Turnover Balance. The failure to receive the Turnover Balance resulted in monetary damages of approximately $5,715,261.

51. Also among the damages resulting from Representation was the failure of each of the Receivership Defendants, including ISI Detention. Having relied on the Representation and incurred millions of dollars in expenses, the Receivership Defendants found themselves unable to meet their financial obligations when the Schedule Compression Payment and the Extension Payment were not made as represented, leading to the Receivership Proceeding and the demise of the Receivership Defendants. Damages related to the loss of the companies exceeds $10,000,000.

52. Because Gallivan, Hoelscher and others employed by Clark Construction were employees acting within the scope of their employment and for the benefit of Clark Construction, Clark Construction is liable for any damages suffered by ISI Detention as a result of the Representation.

WHEREFORE, Receiver respectfully requests this Court enter judgment against Clark Construction on this Count II awarding Receiver damages in such sums that are proved at trial, together with interest thereon at the legal rate, his reasonable attorney's fees and costs and such other relief as is just and reasonable under the circumstances.

## COUNT III – BREACH OF CONTRACT

53. The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

54. The Contract, including the subsequent agreement to accelerate the Work, is a legally binding contract between Clark Construction and ISI Detention.

55. ISI Detention fully performed all obligations under the Contract, including those arising from the subsequent agreement to Accelerate the Work.

56. Clark Construction has never given notice to ISI Detention alleging that ISI Detention was in breach of any term of the Contract.

57. By refusing to pay the Turnover Balance, Clark Construction breached its duties under the Contract.

58. Among other things, the Receivership Order transferred all contract rights and legal and equitable clams held by any Receivership Defendant to Receiver.

59. As a result of Clark Construction's breach of the Contract, ISI Detention suffered damages of approximately $5,715,261, said sum representing the amount due ISI Detention under the Turnover Balance.

60. Clark Construction now estimates that the Project will not be completed until June 30, 2019 and ISI Detention will be required to be on-site at the Project for all or some of that period.

61. Under the Contract, ISI Detention is entitled to additional payment for extended general terms. Damages for unpaid sums for the extension of general terms since October 31, 2018 have accrued and continue to accrue.

62. The Receivership Defendants, including ISI Detention, are in the process of winding down their operations. As a result, overhead that formerly was divided between a number of projects must now be borne by the few projects that are still ongoing. Consequently, the cost of further extending general conditions will likely be significantly higher than was the case when previous extension of general conditions were negotiated.

63. Also as a result of Clark Construction's breach of the Contract, ISI Detention and the other Receivership Defendants found themselves unable to meet their financial obligations when the Schedule Compression Payment was not made as represented, leading to the Receivership Proceeding and the demise of the Receivership Defendants. Damages related to the loss of the companies exceeds $10,000,000.

WHEREFORE, Receiver respectfully requests this Court enter judgment against Clark Construction on this Count III awarding Receiver damages in such sums that are proved at trial, together with interest thereon at the legal rate, his reasonable attorney's fees and costs and such other relief as is just and reasonable under the circumstances.

## COUNT IV – DECLARATORY JUDGMENT

64. The allegations set forth above in the preceding paragraphs are hereby incorporated as if set out in full.

65. The Receiver maintains that by failing to pay ISI Detention the Turnover Balance and other sums that are due to it under the Contract, Clark Construction has materially breached the contract.

66. Because Clark Construction has materially breached the contract, the Receiver maintains that ISI Detention is no longer bound to perform under the contract and may cease work and remove its employees, materials and equipment from the Project.

67. Clark Construction maintains that it has not committed a material breach of the Contract.

68. Clark Construction maintains that were ISI Detention to cease work and remove its employees, materials and equipment from the Project, ISI Detention would be committing a material breach of the Contract and be liable for substantial damages for having done so.

69. At the time this action was filed, ISI Detention continues to perform its duties under the Contract.

70. In order to resolve this controversy, plaintiff requests that, pursuant to 28 U.S.C. § 2201, this Court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare (1) that Clark Construction is in material breach of the Contract

and (2) that ISI Detention, the Receiver and any of their respective sureties, employees, directors, shareholders, agents and attorneys are discharged from any further obligation under the Contract, but not barred from seeking damages for any breach of the Contract by Clark Construction.

71. A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that the assets of the receivership estate are being diminished as ISI Detention continues working on the Project without having been fully paid for past work and without assurance of being fully paid for future work.

72. The Receiver requests a speedy hearing upon his request for declaratory judgment, as provided for by Rule 57 of the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons set forth above, Receiver requests this Court render declaratory judgment providing (1) that Clark Construction is in material breach of the Contract and (2) that ISI Detention, the Receiver and any of their respective sureties, employees, directors, shareholders, agents and attorneys are discharged from any further obligation under the Contract, but not barred from seeking damages for any breach of the Contract by Clark Construction. Receiver further requests that he be awarded his costs of suit, including reasonable attorney's fees and such other relief as is just and reasonable under the circumstances.

Respectfully submitted,

CLARK HILL STRASBURGER

By: */s/ Mark G. Sessions*
    Mark G. Sessions
    State Bar No. 18039500
    mark.sessions@clarkhillstrasburger.com
    2301 Broadway
    San Antonio, TX 78215-1157
    Telephone:  (210) 250-6009
    Fax:         (210) 258-2728


LATHROP GAGE LLP

By: *s/ Bryan E. Minier*
    Bryan E. Minier (ARDC No. 6275534)
    bminier@lathropgage.com
    *(Pro Hac Vice admission)*

    155 N. Wacker Dr., Suite 3000
    Chicago, Illinois 60601
    Telephone:  (312) 920-3300
    Fax:         (312) 920-3301

    *Counsel for Scott Eisenberg, not individually, but solely as court appointed receiver*